UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY WILKERSON, Administrator of the Estate of Raupheal Thomas, Deceased c/o Spangenberg, Shibley & Liber, LLP 1001 Lakeside Avenue East, Suite 1700 Cleveland, OH 44114 | ) ) ) ) ) ) | CASE NO. |
| vs. | ) ) ) | |
| CITY OF AKRON, OHIO c/o Law Director, Patricia Ambrose Rubright 161 S. High Street, Suite 202 Akron, OH 44308 | ) ) ) ) ) ) | **PLAINTIFF'S COMPLAINT**  *[Jury Demand Endorsed Hereon]* |
| and | ) ) | |
| JAMES NICE, In His Official Capacity, 217 S. High Street Akron, OH 44308 | ) ) ) ) | |
| and | ) ) | |
| JOSEPH DANZY (#1165) c/o James Nice, Chief of Police 217 S. High Street Akron, OH 44308 | ) ) ) ) ) | |
| and | ) ) | |

EDWARD STEWART (#1073)                    )
c/o James Nice, Chief of Police           )
217 S. High Street                        )
Akron, OH 44308                           )
                                          )
          Defendants   )

Now comes Plaintiff, Sherry Wilkerson, the duly appointed fiduciary of the Estate of Raupheal Thomas, deceased, and for her Complaint against the above-named Defendants, states and avers:

## NATURE OF THE ACTION

1.    This is a civil rights action stemming from incidents that occurred in the City of Akron, Summit County, Ohio, during the afternoon hours of November 3, 2014, including, but not limited to the following: Raupheal Thomas was assaulted, battered, subjected to excessive and unreasonable force and seizure, and subjected to the intentional infliction of emotional distress, and with deliberate indifference was denied access to necessary medical care by City of Akron, Ohio law enforcement.  As a direct and proximate result of the actions and inactions of the Defendants, Raupheal Thomas was deprived of his civil and constitutionally guaranteed rights and did endure physical and emotional pain and suffering and death. Plaintiff, Sherry Wilkerson, Administrator of the Estate of Raupheal Thomas, seeks compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation.

2.    Plaintiff Sherry Wilkerson asserts claims under 42 U.S.C. § 1983 for violations of Raupheal Thomas' rights to be free from unreasonable searches and seizures and excessive force and the right to care and treatment for serious medical needs under the protection of the Fourth and/or Fourteenth Amendments to the United States Constitution.  Plaintiff asserts Section 1983 claims against the City of Akron and James Nice, in his Official Capacity, as Chief of the City of

Akron Division of Police, for failure to properly train and/or supervise law enforcement, for promulgating customs, policies, and/or practices, which proximately caused the violation of Raupheal Thomas' federal constitutional rights, and for ratifying the unconstitutional conduct of its officers.  Plaintiff also asserts claims for assault and battery, intentional infliction of emotional distress, and wrongful death.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.      Pendant jurisdiction over state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5.      The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

**PARTIES**

7.      Plaintiff Sherry Wilkerson is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.  Sherry Wilkerson is the duly appointed fiduciary of the Estate of Raupheal Thomas.

8.     Prior to his death, Raupheal Thomas was at all times relevant a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

9.     Defendant Officer Joseph Danzy (Badge # 1165) is, and was at all times relevant, a law enforcement officer employed by the City of Akron, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Akron and Chief Nice.  Defendant Danzy is a "person" under 42 U.S.C. § 1983.  Defendant Danzy is sued in his individual capacity.

10.     Defendant Officer Edward Stuart (Badge # 1073) is, and was at all times relevant, a law enforcement officer employed by the City of Akron, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Akron and Chief Nice.  Defendant Stuart is a "person" under 42 U.S.C. § 1983.  Defendant Stuart is sued in his individual capacity.

11.     Defendant City of Akron, Ohio is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, Eastern Division, and acting under the color of law. Defendant City of Akron, Ohio is a "person" under 42 U.S.C. § 1983.

12.     Defendant James Nice ("Chief Nice") is, and at all times relevant was, the Chief of Police for the City of Akron, Ohio, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, with the ability to sue and be sued, residing in the Northern District of Ohio, Eastern Division.  Defendant Chief Nice is responsible for the administration, operation, training, and supervision of law enforcement officers and personnel of the City of Akron Division of Police and for the promulgation, enforcement and review of rules,

4

regulations, policies, customs, and practices relevant thereto, acting under color of law. Defendant Chief Nice is a "person" under 42 U.S.C. § 1983.  Defendant Chief Nice is sued in his Official Capacity.

## STATEMENT OF FACTS

13.     Raupheal Thomas was shot and killed by City of Akron police officers Joseph Danzy and Edward Stewart on November 3, 2014.  Raupheal Thomas was 29 years old.

14.     At approximately 5:00 P.M. on November 3, 2014, Jesse Gray and his mother, Tina Holman, agreed to pick Raupheal Thomas up in Ms. Holmon's Mazda MPV automobile and provide him transportation to another residence in Akron, Ohio.

15.     Before reaching their destination, Ms. Holmon's automobile suffered a flat tire on Orlando Avenue near Orrin Street.

16.     Raupheal Thomas exited the car and called a relative for a ride.

17.     Mr. Gray and Ms. Holman drove her automobile to a local gas station to determine whether the tire could be repaired.  Once at the gas station, they learned that the tire was damaged beyond repair.

18.     Mr. Gray walked back to the general location where Raupheal Thomas had exited the vehicle and called for a ride.

19.     Raupheal Thomas and Mr. Gray, now stranded, stood on the public sidewalk as they waited for a ride.  Mr. Thomas was not observed engaging in any criminal behavior.

20.     Raupheal Thomas and Mr. Gray were approached by homeowners in the area who inquired why they were standing on the sidewalk.  Raupheal Thomas and Mr. Gray stated that their car had broken down and they were waiting for a ride.

5

21.     At approximately 5:16 p.m. off duty City of Akron police officer Howard Vaughn called police and requested a unit to respond to the area because Raupheal Thomas and Mr. Gray were standing on the sidewalk.

22.     Officer Vaughn told dispatch that both Raupheal Thomas and Mr. Gray had exited a van that had suffered a flat tire approximately 5 minutes before he placed the call.

23.     City of Akron police knew that the two individuals on the sidewalk—Raupheal Thomas and Mr. Gray—were standing on the sidewalk because their car had suffered a flat tire.

24.     Officer Danzy was the first officer to arrive to the area.  Danzy was driving a Black City of Akron Suburban Vehicle, Car #18.

25.     Officer Stewart arrived almost immediately after Officer Danzy arrived.  Officer Stuart was driving a City of Akron police wagon, Truck #86.

26.     The dash camera from Officer Danzy's cruiser captured significant portions of the interaction between Officers Danzy and Stuart and Raupheal Thomas.  A copy of the dash camera video is attached to this Complaint as Exhibit 1.

27.     As Officer Danzy approached in his cruiser with the police emergency lights illuminated, Raupheal Thomas and Mr. Gray can be observed standing still on the sidewalk waiting for their ride.  (*See* Exhibit 1 beginning at 17:19:28.)

28.     After stopping their police vehicles, Officers Danzy and Stuart exited their vehicles and asked Raupheal Thomas and Mr. Gray to approach Officer Danzy's vehicle.

29.     When the police cruisers approached Raupheal Thomas and Mr. Gray, it was still light outside; the street lights were not yet illuminated; and Raupheal Thomas and Mr. Grey were clearly visible.

6

30.     Moments after Officer Danzy's police cruiser stopped, Raupheal Thomas – seen on the video wearing a blue jacket and red hat – casually walks to the front of the police cruiser and begins conversing with Officer Danzy.

31.     Raupheal Thomas' behavior was polite, cooperative, affirmative, non-threatening, and non-suspicious.

32.     Both Raupheal Thomas and Mr. Gray begin pointing to the location where the automobile in which they were travelling was taken to be repaired.

33.     Raupheal Thomas turned to return to the sidewalk where he had been waiting for a ride, but was immediately summoned back to the car by the officers.

34.     The officers ordered Raupheal Thomas to show them his hands, and Raupheal Thomas complied with that order.

35.     Raupheal Thomas then displayed his hands to the officers to demonstrate that there was nothing in his hands.

36.     Officer Danzy, in the presence of Officer Stewart, then ordered Raupheal Thomas to put his hands behind his head, another order with which Raupheal Thomas complied.

37.     At this point, Raupheal Thomas had been seized as a reasonable person would no longer feel that they were free to leave.

38.     Once Officers Danzy and Stewart seized Raupheal Thomas, Officer Danzy walked behind Raupheal Thomas and attempted to search him.

39.     Officer Danzy grabbed Raupheal Thomas and forcibly pushed him onto the hood of the police cruiser.  Raupheal Thomas did not resist Officer Danzy's force.

40.     Once on the hood of the police cruiser, Officer Stewart approached from the passenger side of the vehicle and grabbed Raupheal Thomas's left wrist, positioning it on the hood of the cruiser.

41.     While Officer Stewart held Raupheal Thomas' left wrist on the hood of the cruiser, Officer Danzy twisted Raupheal Thomas' right hand behind his head.

42.     Both Officers Danzy and Stewart then grabbed Raupheal Thomas' arms, wrists, and hands behind Raupheal Thomas' back.

43.     Raupheal Thomas attempted to free himself.

44.     Officer Danzy drew his X26 Taser gun and used it on Raupheal.

45.     Officers Danzy and Stewart went hands-on and took Raupheal Thomas to the ground.

46.     Once on the ground, Officers Danzy and Stewart struck Raupheal Thomas multiple times with their fists and knees.

47.     Officer Danzy, Officer Stewart, and Raupheal were to the passenger side of the police cruiser, and their activities were not captured by the dash cam.

48.     At 17:21:01 (5:21 P.M.), Raupheal ran from the officers crossing in front of the police cruiser.

49.     Raupheal Thomas' pants and underwear had come down while he was on the ground and being struck by Officers Stewart and Danzy.

50.     Raupheal can be seen on the video running away from the police while trying pull his pants up as Officers Danzy and Stewart ran behind Raupheal.

51.     Raupheal Thomas posed no imminent or immediate threat to anyone at this time.

8

52.    Officer Danzy pointed his pistol at Raupheal Thomas' back as Raupheal attempted to pull his pants up.

53.    Officer Danzy squeezed the trigger of his pistol twice, firing two bullets into Raupheal's back.

54.    The first bullet penetrated the right rear flank and became lodged in fatty tissue. The second bullet passed through the liver, diaphragm, pericardial sac, and the right atrium.

55.    Raupheal Thomas collapsed in the street.

56.    Raupheal Thomas remained conscious following the shooting and can be heard on a second video captured by a neighbor screaming in agony.  A copy of that video is attached to this Complaint as Exhibit 2.

57.    Raupheal Thomas was placed in handcuffs following the shooting.

58.    Officers Danzy and Stewart did not attempt to render any CPR or other lifesaving aid to Raupheal Thomas.

59.    Mr. Gray, the Caucasian male with Raupheal Thomas, was never questioned, spoken to, or touched until after Raupheal Thomas was fatally shot.

60.    Raupheal Thomas was pronounced dead later that day at Akron General Medical Center.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Danzy and Stewart for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)**

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

62.    At the aforementioned time and place, Defendants Danzy and Stewart, acting under color of law and within the course and scope of their employment as law enforcement

officers with the City of Akron, Ohio used unnecessary, unreasonable, outrageous, and excessive force on Raupheal Thomas in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

63.     Defendants Danzy and Stewart's uses of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

64.     Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Raupheal Thomas's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

65.     Defendants Danzy and Stewart callously and recklessly disregarded Raupheal Thomas's federally protected rights.

66.     As a direct and proximate result of Defendants Danzy and Stewart's uses of force in violation of Raupheal Thomas's clearly established Fourth and/or Fourteenth Amendment rights, Raupheal Thomas was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants Danzy and Stewart for:

> a.      Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas for the injury, damage, and loss suffered by Raupheal Thomas;

  b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

  c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

  d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against Defendants Danzy and Stewart for Unlawful/Unreasonable Search and Seizure in Violation of the Fourth Amendment)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

68. At the aforementioned times and place, Defendants Danzy and Stewart, acting under color of law and within the course and scope and in furtherance of their employment as law enforcement officers with the City of Akron, Ohio, and Chief Nice seized and searched Raupheal Thomas without permission or consent, and without probable cause or reasonable suspicion in violation of Raupheal Thomas' clearly established rights guaranteed by the Fourth Amendment.

69. Defendants Danzy and Stewart's unlawful and unreasonable search and seizure constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

70. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the search and seizure described herein violated Raupheal Thomas' clearly established Fourth Amendment right to be free from unreasonable and unlawful searches, and seizures.

71.     As a direct and proximate result of Defendants Danzy and Stewart's search and seizure in violation of Raupheal Thomas' Fourth Amendment rights, Raupheal Thomas was forced to endure and suffer extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants Danzy and Stewart, jointly and severally, for:

       a.     Compensatory damages in an amount that will fully and fairly compensate them for the Estate of Raupheal Thomas the injury, damage, and loss suffered by Raupheal Thomas;

       b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

       c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

       d.     All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Danzy and Stewart for Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment)**

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

73.     Once shot and wounded, Plaintiff's Decedent, Raupheal Thomas, was within the care, custody, and control of Defendants Danzy and Stewart and was entitled to care and treatment for his serious medical needs.

74.     Having shot Raupheal Thomas multiple times, Defendants Danzy and Stewart did know that Raupheal Thomas suffered serious injuries requiring prompt medical intervention to avoid progressive physical deterioration and death.

75.     Defendants Danzy and Stewart had sufficient time to recognize Raupheal Thomas's condition and serious need for medical attention, to deliberate, and to provide medical attention to Raupheal Thomas.

76.     Defendants Danzy and Stewart provided no medical care, treatment, assessment, or intervention of any kind, including attempting CPR, at any time on November 3, 2014.

77.     By way of the conduct described in this Claim For Relief, Defendants Danzy and Stewart were deliberately indifferent to Raupheal Thomas's serious medical needs in violation of his rights guaranteed by the Fourteenth Amendment to the Constitution.

78.     As a direct and proximate result of the conduct and inaction described in this claim for relief, Plaintiff's Decedent endured and suffered extreme physical, mental and emotional pain and suffering pecuniary loss, and death.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Danzy and Stewart for:

a.     Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas for the injury, damage, and loss suffered by Raupheal Thomas;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

b.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.     All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants City of Akron, Ohio and Chief Nice, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth and/or Fourteenth Amendment)**

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

13

80.     Plaintiff is informed and believes and alleges thereon that Defendants Danzy and Stewart and/or several other City of Akron law enforcement officers have a history of violating citizens' constitutional rights, making unreasonable searches and seizures, and using excessive force, and acting with deliberate indifference to the serious medical needs of individuals under their care, custody, and control about which Defendants Chief Nice and City of Akron, Ohio, are, and were at all times relevant, aware.

81.     On information and belief, Defendant Chief Nice failed to adequately and properly train and/or supervise Defendants Danzy and Stewart and other City of Akron Police Officers on the usually recurring circumstances likely to be faced by City of Akron law enforcement, including responding to home invasions, uses of force, encountering individuals with mental and/or medical conditions, and providing medical care.

82.     On information and belief, Defendants Chief Nice and City of Akron, Ohio, implemented customs and policies for training and supervision of City of Akron police officers on searches, seizures, and uses of force that, on their face, violate the Fourth Amendment. Alternatively, on information and belief, Defendants Chief Nice and City of Akron, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting or visiting the City of Akron, Ohio or otherwise within the jurisdictional limits of the City of Akron Division of Police, including Plaintiff's Decedent Raupheal Thomas.

83.     As a direct and proximate result of Defendants Chief Nice and City of Akron, Ohio's customs, policies, and practices described herein, which violate the Fourth and/or Fourteenth Amendments on their face, or otherwise are applied in a manner such that Fourth and/or Fourteenth Amendment violations are likely to and do occur, Raupheal Thomas was

forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants Chief Nice, in her Official Capacity, and City of Akron, Ohio, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas for the injury, damage, and loss suffered by Raupheal Thomas;

    b.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    c.    All such other relief which the Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants City of Akron and Chief Nice, in her Official Capacity, for Customs and Policies Causing Constitutional Violations - *Ratification*)**

84.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

85.    Defendants City of Akron and/or Chief Nice, each of whom had final policymaking authority, ratified the conduct of Defendants Danzy and Stewart described herein and/or otherwise failed to investigate or punish said conduct.

86.    Defendants City of Akron and/or Chief Nice' ratification referenced in the preceding paragraph constitutes an official policy of Defendant City of Akron and/or Chief Nice.

87.    Defendants City of Akron and/or Chief Nice' ratification and/or failure to investigate or punish as described herein renders them liable to the Estate of Plaintiff's Decedent, Raupheal Thomas, for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

**WHEREFORE,** Plaintiff prays for judgment against Defendants City of Akron and/or Chief Nice, jointly and severally, for:

15

a.      Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas, for the injury, damage, and loss suffered by Raupheal Thomas;

b.      Costs of suit and reasonable attorneys' fees; and

c.      All such other relief which the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF
**(Assault and Battery Against Defendants Danzy and Stewart, City of Akron, Ohio, and Chief Nice, in his Official Capacity)**

88.      Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

89.      On November 3, 2014, Defendants Danzy and Stewart threatened bodily harm against Raupheal Thomas which caused him to be in fear of imminent peril and death.

90.      On November 3, 2014, Defendants Danzy and Stewart had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Raupheal Thomas.

91.      At all times relevant, Defendants Danzy and Stewart were acting within the course, scope, and in furtherance of their employment with Defendants Nice, in his Official Capacity, and the City of Akron, Ohio, rendering Defendants Chief Nice, in his Official Capacity, and City of Akron, Ohio, vicariously liable for their conduct.

92.      Defendants Danzy and Stewart assaulted and battered Raupheal Thomas with malicious purpose, in bad faith, or in a reckless or wanton manner.

93.      As a direct and proximate result of being assaulted and battered by Defendants Danzy and Stewart, Raupheal Thomas was forced to endure and suffer extreme physical, mental, and emotional pain and suffering and his death.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants Danzy, Stewart, City of Akron, Ohio, and Chief Nice, in his Official Capacity, jointly and severally, for:

      a.      Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas for the injury, damage, and loss suffered by Raupheal Thomas;

      b.      Punitive damages against Defendants Danzy and Stewart in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c.      Costs of suit and reasonable attorneys' fees; and

      d.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### SEVENTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress Against Defendants Danzy, Stewart, City of Akron, Ohio, and Chief Nice, in his Official Capacity)**

94.    Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

95.    Defendants Danzy and Stewart either intended to cause emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiff's Decedent Raupheal Thomas.

96.    Defendants Danzy and Stewart's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

97.    As a direct and proximate result of Defendants Danzy and Stewart's actions, Raupheal Thomas suffered psychic injury prior to his death; and the mental anguish suffered by Raupheal Thomas was serious and of a nature that no reasonable person could be expected to endure.

98.     Defendants Danzy and Stewart were acting within the course, scope, and in furtherance of their employment with Defendants City of Akron, Ohio, and Chief Nice, in his Official Capacity.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants Danzy Stewart, City of Akron, Ohio, and Chief Nice, in his Official Capacity, jointly and severally, for:

    a.  Compensatory damages in an amount that will fully and fairly compensate the Estate of Raupheal Thomas for the injury, damage, and loss suffered by Raupheal Thomas;

    b.  Punitive damages against Defendants Danzy and Stewart in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.  Costs of suit and reasonable attorneys' fees; and

    d.  All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF
### (Wrongful Death)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

100.    As a direct and proximate result of all of the Defendants' conduct described herein, individually and/or collectively, Plaintiff's Decedent, Raupheal Thomas, suffered his untimely and wrongful death.

101.    As a direct and proximate result of his wrongful death, the next of kin of Plaintiff's Decedent, Raupheal Thomas, have and will forever suffer those injuries and damages set forth in Ohio's wrongful death statutes.

**WHEREFORE,** Plaintiff Sherry Wilkerson prays for judgment against Defendants, jointly and severally, for:

    a.      Compensatory damages in an amount that will fully and fairly compensate Raupheal Thomas's next-of-kin for their injuries, damages, and loss;

    b.      All reasonable funeral and burial expenses;

    c.      Costs of suit and reasonable attorneys' fees; and

    d.      All other damages recoverable under Ohio's wrongful death statutes, including all such other relief which the Court deems appropriate.

**_TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED._**

DATED this 3rd day of November 2015

> s/ *Michael A. Hill*
> MICHAEL A. HILL (Ohio Bar No. 0088130)
> NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
> JEREMY A. TOR (Ohio Bar No. 0091151)
> WILLIAM B. EADIE (Ohio Bar No. 0085627)
> **SPANGENBERG SHIBLEY & LIBER LLP**
> 1001 Lakeside Avenue East, Suite 1700
> Cleveland, OH  44114
> (216) 696-3232
> (216) 696-3924 (FAX)
> *mhill@spanglaw.com*
> *ndicello@spanglaw.com*
> *jtor@spanglaw.com*
> *weadie@spanglaw.com*
>
> **_Counsel for Plaintiff Sherry Wilkerson, On Behalf of the Estate of Raupheal Thomas, Deceased_**